MD/FL 12C
(04/17)

# United States District Court

for

Middle District of Florida
Tampa Division

### Petition for Warrant or Summons for Offender Under Probation

Name of Offender: Audray Lawyer Jr.

Docket Number: 8:16-cr-257-T-27JSS

Name of Sentencing Judicial Officer: Honorable James D. Whittemore
United States District Judge

*18-6209-Hunt*

Date of Original Sentence: August 31, 2016

Original Offense: Larceny within Special Maritime Jurisdiction

Original Sentence: 5 years' probation with the following special conditions: three months home detention, mental health treatment, financial disclosure, credit restrictions and restitution in the amount of $15,158.71 to be paid at a rate of $150 per month. A 200 special assessment fee was imposed.

Revocation date: November 3, 2016

Revocation Sentence: Probation was continued with all the previous terms and conditions; home detention was ordered for 3 months with no credit for time served.

Type of Supervision: Probation

Date Supervision Commenced: August 31, 2016

Date Supervision Expires: August 30, 2021

Assistant United States Attorney: Sara Sweeney

Defense Attorney: Nicole Hardin

---

### PETITIONING THE COURT TO ISSUE A WARRANT

The probation officer believes that the offender has violated the following condition(s) of supervision:

1. **Travel outside the district without permission in violation of Condition One of the Standard Conditions of Supervision:** On or about March 17, 2018, Mr. Lawyer traveled to the Bahamas without the permission of his probation officer.

2. **Failure to notify ten days prior to any change in residence in violation of Condition Six of the Standard Conditions of Supervision:** On March 2, 2018, Mr. Lawyer failed to notify his probation officer at least 10 days prior to his change of residence from 1700 Cleveland Street #101, Hollywood Florida to an unknown address. He is presently an absconder from supervision and his current whereabouts are unknown.

3. **Failure to make restitution in violation of the court's order, which requires him to make payments at a rate of $150.00 per month:** Between March 1, 2017 and March 1, 2018, Mr. Lawyer failed to make restitution payments according to the payment schedule ordered by the court on August 31, 2016. He is continuously prompted to make his payments on time or to catch up on his payments.

MD/FL 12C  
(04/17)

Page 2

Offender: Audray Lawyer Jr.  
Docket: 8:16-cr-257-T-27JSS  
Date Prepared: March 30, 2018

United States Probation Office Recommendation:

☒ Issuance of a Warrant

☐ Issuance of a Summons

I declare under penalty of perjury that the foregoing is true and correct.  
Executed on    March 30, 2018

/s/ Christina Gomez  
Christina Gomez  
United States Probation Officer

MD/FL 12C
(04/17)

Page 3

Offender: Audray Lawyer Jr.
Docket: 8:16-cr-257-T-27JSS
Date Prepared: March 30, 2018

### THE COURT ORDERS

☐ The Issuance of a Warrant

☐ The Issuance of a Summons

☐ No Action

☐ Other

_____
Signature of Judicial Officer

_____
Date

MD/FL 12C
(04/17)

Page 4

Offender: Audray Lawyer Jr.
Docket: 8:16-cr-257-T-27JSS
Date Prepared: March 30, 2018

**JUDGE'S COMMENTS**

UNITED STATES GOVERNMENT

# memorandum

DATE: March 30, 2018

REPLY TO
ATTN OF: Christina Gomez
United States Probation Office - Tampa

SUBJECT: **Audray Lawyer Jr.**, Docket Number 8:16-cr-257-T-27JSS
Violation Report / Request for Warrant

TO: The Honorable James D. Whittemore
United States District Judge

### SUMMARY OF ALLEGED VIOLATIONS:

1. **Travel outside the district without permission in violation of Condition 1 of the Standard Conditions of Supervision:** On or about March 17, 2018, Mr. Lawyer traveled to the Bahamas without the permission of his probation officer.

   On March 18, 2018, probation officer Melissa Fife, Southern District of Florida, confirmed that Mr. Lawyer traveled to the Bahamas via cruise ship without prior permission. The probation office has requested documented proof from the Department of Homeland Security to provide to the Court.

2. **Failure to notify ten days prior to any change in residence in violation of Condition 6 of the Standard Conditions of Supervision:** On March 2, 2018, Mr. Lawyer failed to notify his probation officer at least 10 days prior to his change of residence from 1700 Cleveland Street #101, Hollywood Florida, to an unknown address. He is presently an absconder from supervision and his current whereabouts are unknown.

   During the month of March 2018, probation officer Melissa Fife, Southern District of Florida, made several attempts to contact Mr. Lawyer via telephone, email, certified mail, and in person at his residence. All attempts failed and Mr. Lawyer has not contacted his probation officer, Melissa Fife. Based on his failure to make contact with the probation office, Mr. Lawyer has been designated an absconder from supervision.

3. **Failure to make restitution in violation of the court's order, which requires him to make payments at a rate of $150.00 per month:** Between March 1, 2017 and March 1, 2018, Mr. Lawyer failed to make restitution payments according to the payment schedule ordered by the court on August 31, 2016. The probation officer has continuously prompted Mr. Lawyer to make his payments on time or to catch up on his payments.

   During the period of March 1, 2017 to March 1, 2018, Mr. Lawyer failed to make regular restitution payments in accordance with the Court order. He misses several months' worth of payments and upon direction from his probation officer, Melissa Fife, submits lump sum payments to get back on track. He has yet to demonstrate personal responsibility in this area and will not submit his payments in a timely manner. His last payment of $300 was received March 12, 2018. Prior to this March payment, his last payment was received on October 2, 2017. He has paid a total of $2,000 towards restitution and the current balance is $13,158.71.

   Mr. Lawyer does not have children or other dependents and he has not given a reason as to why he does not pay his restitution. His recent travel to the Bahamas for a day cruise indicates he has money for pleasure purposes which could otherwise be used towards restitution.

The Honorable James D. Whittemore
Re: Audray Lawyer Jr.
March 30, 2018
Page 2

## SUPERVISION HISTORY:

*The information in this section was provided by the supervising officer in the Southern District of Florida, Melissa Fife.*

Since March 3, 2017, Mr. Lawyer has been supervised in the Southern District of Florida.

Mr. Lawyer changed residence frequently and did not always appropriately notify his probation officer.

Mr. Lawyer obtained a Commercial Driver's License to operate trucks. He reported employment as a local delivery driver, however, he did not provide details about his employment to his probation officer. He was not permitted to drive out of state until he began making consistent restitution payments.

Mr. Lawyer received mental health services from the Veteran's Administration in Broward County.

## SENTENCING OPTIONS:

Should the court find the offender has violated the terms of supervision, the following sentencing options would apply.

**Statutory Provisions:** Upon a finding of violation of probation, the Court may continue the offender on probation with, or without, modifying or enlarging the conditions. 18 U.S.C. §3565(a)(1). The Court may also extend the term of supervision, if less than the maximum was imposed under 18 U.S.C. §3561(c). Or, the Court may revoke probation and resentence the offender under the statutory penalties applicable at original sentencing. 18 U.S.C. §3565(a)(2).

**Guideline Provisions:** The U.S. Sentencing Commission has issued policy statements for revocation of probation. These policy statements are advisory and non-binding on the Court, U.S. v. Thompson, 976 F.2d 1380 (11th Cir. 1992). The defendant is charged with a grade "C" violation as defined by USSG § 7B1.1(a)(2). Upon a finding of a grade "C" violation, the Court may revoke probation and impose a term of custody or extend or modify the existing term of probation per USSG § 7B1.3(a)(2). Since a Criminal History Category of I was found applicable at original sentencing, the custody term for the violation is 3-9 months per USSG § 7B1.4(a).

Pursuant to USSG § 7B1.3(c)(1), the minimum term of custody may be satisfied by a custody term (as little as one day) followed by supervised release with a special condition of community confinement or home detention for the balance of the minimum term.

Before imposing sentence, the Court shall state for the record that it has considered the factors set forth in 18 U.S.C. §3553(a), including applicable guidelines and policy statements issued by the Sentencing Commission.

| Respectfully Submitted: | Approved by: |
|---|---|
| /s/ Christina Gomez | /s/ Carlos Colón |
| Christina Gomez<br>United States Probation Officer<br>Date: March 30, 2018<br>813-301-5879 | Carlos Colon<br>Supervisory United States<br>Probation Officer<br>813-301-5844 |

The Honorable James D. Whittemore
Re: Audray Lawyer Jr.

**INITIAL HEARING RECOMMENDATION:**

The probation office recommends that Mr. Lawyer be detained pending the final hearing. He has demonstrated an uncooperative attitude towards supervision; he traveled outside of the country without permission; and he absconded from supervision. His current whereabouts are unknown to the Probation Office. Based on these factors, Mr. Lawyer presents a risk of non-appearance in court.

Respectfully Submitted:

/s/ Christina Gomez

Christina Gomez
United States Probation Officer
Date: March 28, 2018
813-301-5879

cc: Joseph C. Collins, Chief
United States Probation Officer